UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OSCAR ADRIAN SOLIS,

    Plaintiff,

v.

CAUSE NO. 3:19-CV-268 DRL-MGG

NURSE WEST *et al.*,

    Defendants.

OPINION AND ORDER

Mr. Oscar Adrian Solis, a prisoner without a lawyer, alleges that he received constitutionally inadequate medical treatment for seizures while incarcerated at the Westville Correctional Facility. He has sued Nurse West, Nurse Jeanine, Wexford Health Sources, and the State of Indiana. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

On March 22, 2018, Mr. Solis filled out a medical request form indicating that he had not received his seizure medication, Tegretol, for three days. He was told that the medication had been discontinued and would be replaced with a different medication. Later that night, Mr. Solis had a seizure, hit his head on the toilet, and suffered a minor injury for which he received treatment. He began taking a new medication for his seizures, but the new medication was ineffective—he continued to shake and have convulsions. He filed another medical request form. In response, the dose of his medication was adjusted, although no laboratory testing was performed. On May 26, 2018, the facility ran out of his medication. He filed a medical request form on May 27, 2018, indicating that he was

not receiving his medication. The form was signed by a Westville representative on May 28, 2018, and he began receiving his medication again on May 30, 2018. Afterwards, Mr. Solis received his medication regularly until he was transferred to a different facility.

Mr. Solis argues that he was deliberately deprived of his medication, and that the defendants committed medical malpractice. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the inmate's serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976). A medical need is "serious" if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted).

A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). A delay in providing treatment, however, can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett*, 658 F.3d at 752-53; *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

2

Mr. Solis has alleged that he went without his medication for seizures for a few days on three occasions.[1] While this lapse in care was understandably frustrating to Mr. Solis, and ideally should not occur, he has not described behavior on the part of Nurse West or Nurse Jeanine that represents a substantial departure from accepted professional judgment, practice, or standards. While Mr. Solis indicated that he filed several medical request forms, it is not clear from the complaint that either Nurse West or Nurse Jeanine were aware that he was not receiving his medication and, despite that knowledge, took no action to ensure that he received his medication. While sympathetic to Mr. Solis's frustration, he has not plausibly alleged that Nurse West or Nurse Jeanine violated his right to constitutionally adequate medical care.

Mr. Solis also named Wexford Health Source as a defendant. Wexford is the private company that provided medical care at the prison. Mr. Solis attempts to hold the company liable because it employs the medical staff. However, even if he had alleged that Nurse West or Nurse Jeanine violated his rights, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights"). Mr. Solis's complaint against Wexford appears to be based only on its medical staff's poor decisions, so he has not stated a claim against Wexford Health Sources.

Last, Mr. Solis has named the State of Indiana as a defendant. The Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived

---

[1] Despite this assertion, Mr. Solis's amended complaint describes only two occasions where he went without medication.

its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions applies here. Congress has not abrogated the state immunity through the enactment of 42 U.S.C. § 1983. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). The State of Indiana also has not consented to this lawsuit, so it must be dismissed.

Based on the amended complaint, it is unclear what, if anything, Mr. Solis could add to his amended complaint that would state a claim. Nevertheless, if he has additional facts that would add substance to his claims, he may file a second amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Oscar Adrian Solis;

(2) GRANTS Oscar Adrian Solis until **September 24, 2019** to file a second amended complaint on that form; and

(3) CAUTIONS Oscar Adrian Solis that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED.

August 23, 2019                                                *s/ Damon R. Leichty*
                                                                                        Judge, United States District Court